# EXHIBIT A

Zulu Ali, Esq. (State Bar No. 252998)
LAW OFFICE OF ZULU ALI
2900 Adams Street, Suite C13
Riverside, California 92504
Telephone: 951-782-8722
Fax: 951-346-9101

Attorney for Plaintiff, Jasmine Hayes

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

OCT 27 2017

BY LEANNE M. LANDEROS, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

UNLIMITED JURISDICTION

| | |
|---|---|
| JASMINE HAYES,<br><br>Plaintiff,<br><br>vs.<br><br>THE GEO GROUP INC., AND DOES 1 TO 100,<br><br>Defendants. | Case No.: CIVDS 1721075<br><br>VERIFIED COMPLAINT FOR DAMAGES:<br><br>FILING FEES WAIVED<br><br>1) SEX DISCRIMINATION IN VIOLATION OF FEHA – GOVERNMENT CODE SECTION 12940, et seq.<br><br>2) WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY [Cal. Gov't Code 1294, et seq.]<br><br>3) RACE/NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF FEHA – GOVERNMENT CODE SECTION 12940, et seq.<br><br>4) RETALIATION IN VIOLATION OF FEHA – GOVERNMENT CODE SECTION 12940, et seq.<br><br>5) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br><br>6) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT FOR DAMAGES

1

Plaintiff JASMINE HAYES ("Plaintiff"), as an individual, on information and belief, complains and alleges as follows:

1. Plaintiff is informed and believes and thereon allege that defendant The Geo Group, Inc. (hereinafter "Geo") is a business entity incorporated under the laws of the State of California.

2. Plaintiff was at all times herein, a resident of the County of San Bernardino, State of California and a former employee of Geo and DOES 1-100 (collectively the "Defendants").

3. Plaintiff is, and was at all relevant times herein, an employee of a Geo covered by California Government Code 12940.

4. This action is filed in this court because the wrongful conduct complained of herein occurred within the County of San Bernardino, State of California. This is the proper judicial district because the defendants, or some of them, reside in this County and the acts herein alleged occurred within this jurisdictional district in accordance with Section 395(a) of the California Code of Civil Procedure.

5. Plaintiff is informed and believes, and thereupon alleges that at all times herein mentioned, all employees of Geo hereinafter identified, were agents and employees of Geo and in doing the things herein alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of Defendant Geo and each of the other defendants.

6. Plaintiff is informed and believes, and thereupon alleges that all times herein mentioned, the defendants were the agents, employees and/or servants, masters or employers of the remaining defendants and in doing the things herein after alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other defendants.

**COMPLAINT FOR DAMAGES**
2

7. The true names or capacities, whether individual, corporate, associate, or otherwise of Defendants 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names pursuant to California Civil Procedure Code section 474. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

8. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named Defendants engaged in intentional, reckless, or negligent conduct, and/or other acts and are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages are herein alleged were directly and legally (proximately) caused by Defendant's conduct.

9. Each of the Defendants (including all Doe Defendants), in carrying out the acts complained herein, were acting in the course and scope of his, her, their, or its employment and as the employer, employee, principal, co-conspirator, and/or agent of each of the other Defendants and/or in concert with the other Defendants and/or in partnership with the other Defendants (including all Doe Defendants), and/or as a joint venture with the other Defendants.

10. Reference to actions or conduct of "Defendants and each of them" or to "Defendant" shall include the singular and plural and shall include all Defendants in this action, whether named or designated as a Doe. Reference to any singular Defendant shall include all Doe Defendants to which the facts later are shown to apply.

11. Plaintiff has exhausted all of his administrative remedies. Plaintiff's claim was filed with the Department of Fair Employment and Housing (DFEH) and the Equal Employment Opportunity Commission (EEOC) on or about August 16, 2016.

12. Plaintiff received a Notice of Right to Sue in a California Superior Court pursuant to California Government Code section 12965(b), dated October 28, 2017. A true and correct copy of said

**COMPLAINT FOR DAMAGES**
3

letter is attached hereto as **Exhibit A** and is incorporated herein by this referenced. Plaintiff has exhausted her administrative remedies.

## FACTS COMMON TO ALL CAUSES OF ACTION

13. In or about February 17, 2015, Plaintiff, and African American female, was hired by Geo as a Detention Officer at the Adelanto Detention Facility in Adelanto, California.

14. Plaintiff was never reprimanded, demoted, or admonished until the alleged incident.

15. Plaintiff received favorable and positive evaluation and feedback from her superiors. Her superiors frequently praised her for her impressive work ethic.

15. On or about December 17, 2015, GEO placed Plaintiff on administrative leave without pay to investigate allegations of misconduct made against Plaintiff. The Department of Homeland Security, Bureau of Immigration and Custom Enforcement ("ICE").

16. The alleged misconduct included: (1) Plaintiff was allegedly having a romantic relationship with Detainee A and allowed Detainee A to touch her private parts while in a utility closet; (2) Plaintiff allegedly was romantically involved with Detainee B; (3) Plaintiff allegedly was delivering messages from Detainee A and B to detainees in other housing units; and, (4) Plaintiff allegedly brought drugs and a cell phone into the Facility for detainees. The Facility referred these allegations to GEO's Office of Professional Responsibility ("OPR") for investigation. OPR investigates alleged employee misconduct as well as reported detainee misconduct involving weapons, drugs, and security threats at GEO's facilities.

17. As part of the investigation, GEO interviewed several employees, both supervisory and non-supervisory. GEO also interviewed Plaintiff, who vehemently denied the allegations. A supervisory employee reported that Plaintiff "insisted" she be posted at a certain housing unit (H-2D) where another gang member was located, which he found suspicious. This employee also reported that even Plaintiff was not posted at H-2D she still went there during her breaks. A

**COMPLAINT FOR DAMAGES**
4

second supervisory employee reported she observed Plaintiff seated on a bench in the recreation yard with Detainees A and B and a third detainee around her, laughing and carrying on a conversation with them like they were all friends. A third supervisory employee reported she had allegedly, verbally reprimanded Plaintiff for not following a direct order when Plaintiff allowed Detainee C, another reported member of the same gang, out of H-2D. Plaintiff was allegedly observed having long conversations (each lasting 20-30 minutes) with Detainee D, another reported member of the same gang, at the detentions officers' podium in H-3D.

18. All of the reports by unnamed individuals was never supported by any evidence, documents or witnesses other than the supervisor's "observation."

19. On or about April 21, 2016, GEO provided Plaintiff with a notice explaining the contraband allegation which was not sustained but an allegation regarding unprofessional conduct with detainees was sustained. While Plaintiff disagreed with the above findings, asserting she was not verbally reprimanded and there was no proof of the other allegations, based on its good faith investigation GEO issued Plaintiff a Final Reprimand on or about April 21, 2016.

20. At the time Plaintiff received her Final Reprimand, ICE had not reinstated Plaintiff's security clearance, so GEO again placed her on administrative leave without pay pending ICE's decision regarding reinstatement of her clearance.

21. The manner in which the complaints were investigated against Plaintiff was different that other employees that were similarly situated; specifically, employees who had received the same or similar complaints were not subjected to suspension or termination. Those other employees were not African American females.

22. Additionally, prior to disciplinary investigation and termination Plaintiff had made administrative complaints regarding here treatment and was subjected to disciplinary investigation and termination as a result of her administrative complaints.

**COMPLAINT FOR DAMAGES**
5

23. As a result of Defendant's conduct, Plaintiff has suffered from depression. The depression and stress from this incident caused plaintiff to have frequent outbreaks of hives. Plaintiff has sought treatment for the hives from her physician.

24. CSMG's actions have violated Cal. Gov. Code section 12940 (h) and the California Government Code 1294 and California Labor Code 1050. Plaintiff brings this action on behalf of herself who was employed at CSMG.

32. Plaintiff seeks relief for damages inflicted on her by the wrongful and malicious actions of Geo.

## FIRST CAUSE OF ACTION

## SEX DISCRIMINATION IN VIOLATION OF FEHA (Cal. Gov't Code 12940, et al)

33. As a first, separate and distinct cause of action, plaintiff complains against defendants Geo, and DOES 1-100 and each of them and for a cause alleges:

34. Plaintiff hereby incorporates by reference paragraph 1 through 32, inclusive, as through set forth here in full.

35. Defendants Geo and DOES 1-100 discriminated against plaintiff on the basis of sex, female, and discharged plaintiff because of sex, female, in violation of California Fair Employment and Housing Act. The discrimination included, but was not limited to subjecting Plaintiff to unwarranted disciplinary action that was conducted in a manner that was different that other employees that were similarly situated; specifically, Plaintiff was treated differently for the same conduct alleged against other employees who had received the same or similar complaints and were not subjected to suspension or termination; and those other employees were not African American females. Additionally, prior to disciplinary investigation and termination Plaintiff had made administrative complaints regarding here

**COMPLAINT FOR DAMAGES**
6

treatment and was subjected to disciplinary investigation and termination as a result of her administrative complaints.

36. Plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing within one year of the discrimination. The Department issued plaintiff a right-to-sue letter within one year of the filing of this complaint. Plaintiff has exhausted her administrative remedies.

## SECOND CAUSE OF ACTION

### WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY PURSUANT TO FAIR EMPLOYMENT AND HOUSING ACT

(Cal. Gov't Code 12940, et al)

36. As a second, separate and distinct cause of action, plaintiff complains against defendants Geo, and DOES 1-100 and each of them and for a cause alleges:

34. Plaintiff hereby incorporates by reference paragraph 1 through 36, inclusive, as through set forth here in full.

37. Defendants Geo and DOES 1-100 discriminated against plaintiff on the basis of sex, female, and discharged plaintiff because of sex, female, in violation of public policy.

38. Said discharge and discrimination violated public policy of the State of California as stated in the California Fair Employment and Housing Act, California common law and plaintiffs constitutional rights under the California Constitution artile I, section 8, which states that a person may not be disqualified from entering or pursuing a business, profession, vocation, or employment because of sex, race, creed, color, or national or ethnic origin.

39. Plaintiff suffered damages legally caused by these defendants wrongful acts as stated in the section below entitled damages, which is incorporated here to the extent pertinent as if set forth here in full.

## THIRD CAUSE OF ACTION

## RACE/NATIONAL ORIGIN DISCRIMINATION PURSUANT TO

## FAIR EMPLOYMENT AND HOUSING ACT

## (Cal. Gov't Code 12940, et al)

40. As a third, separate and distinct cause of action, plaintiff complains against defendants Geo, and DOES 1-100 and each of them and for a cause alleges:

41. Plaintiff hereby incorporates by reference paragraph 1 through 39, inclusive, as through set forth here in full.

42. Defendants Geo and DOES 1-100 discriminated against plaintiff on the basis of sex, female, and discharged plaintiff because of sex, female, in violation of California Fair Employment and Housing Act. The discrimination included, but was not limited to subjecting Plaintiff to unwarranted disciplinary action that was conducted in a manner that was different that other employees that were similarly situated; specifically, Plaintiff was treated differently for the same conduct alleged against other employees who had received the same or similar complaints and were not subjected to suspension or termination; and those other employees were not African American females. Additionally, prior to disciplinary investigation and termination Plaintiff had made administrative complaints regarding here treatment and was subjected to disciplinary investigation and termination as a result of her administrative complaints.

**COMPLAINT FOR DAMAGES**
8

43. Plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing within one year of the discrimination. The Department issued plaintiff a right-to-sue letter within one year of the filing of this complaint. Plaintiff has exhausted her administrative remedies.

44. Plaintiff suffered damages legally caused by these defendant's wrongful acts as stated in the section below entitled damages, which is incorporated here to the extent pertinent as if set forth here in full.

## FOURTH CAUSE OF ACTION

## RETALIATION FOR OPPOSING UNLAWFUL EMPLOYMENT PRACTICES PURSUANT TO FAIR EMPLOYMENT AND HOUSING ACT

### (Cal. Gov't Code 12940(h))

45. As a third, separate and distinct cause of action, plaintiff complains against defendants Geo, and DOES 1-100 and each of them and for a cause alleges:

46. Plaintiff hereby incorporates by reference paragraph 1 through 44, inclusive, as through set forth here in full.

47. Defendants Geo and DOES 1-100 discriminated against plaintiff on the basis of sex, female, and discharged plaintiff because of sex, female, in violation of California Fair Employment and Housing Act. The discrimination included, but was not limited to subjecting Plaintiff to unwarranted disciplinary action that was conducted in a manner that was different that other employees that were similarly situated; specifically, Plaintiff was treated differently for the same conduct alleged against other employees who had received the same or similar complaints and were not subjected to suspension or termination; and those other employees were not African American females. Additionally, prior to disciplinary investigation and termination Plaintiff had made administrative complaints regarding here

**COMPLAINT FOR DAMAGES**
9

treatment and was subjected to disciplinary investigation and termination as a result of her administrative complaints.

48. Plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing within one year of the discrimination. The Department issued plaintiff a right-to-sue letter within one year of the filing of this complaint. Plaintiff has exhausted her administrative remedies.

49. Plaintiff suffered damages legally caused by these defendant's wrongful acts as stated in the section below entitled damages, which is incorporated here to the extent pertinent as if set forth here in full.

## FIFTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50. As a fifth, separate and distinct cause of action, plaintiff complains against defendants Geo, and DOES 1-100 and each of them and for a cause alleges:

51. Plaintiff hereby incorporates by reference paragraph 1 through 49, inclusive, as through set forth here in full.

52. On or about February 2015, plaintiff accepted employment with defendant Geo. Plaintiff was assured job security and that she would not be discriminated against, harassed, or retaliated against, and thereafter remained in her employment in reliance on those assurances.

53. Defendants Geo and DOES 1-100 were in a position of power over plaintiff, with the potential to abuse that power. Plaintiff was in a vulnerable position because of her relative lack of power, because of her reliance on defendants' assurances and forbearance of the possibility of becoming employed elsewhere, because she had place her trust in defendants, because she depended on her employment for her self-esteem and sense of belonging, because she relied on her employment as a source of income for her support, because a wrongful termination of plaintiff's ability to find other

employment, and because of the great disparity in bargaining power between plaintiff and her employer. Defendants were aware of plaintiff's vulnerability and the reasons for it.

54. On or about May 13, 2017, defendants discharged plaintiff or caused her to be discharged, and confirmed and ratified the discharge. Defendants' discharge of plaintiff and the manner in which they accomplished it was outrageous in the plaintiff was discriminated against, subjected to a hostile work environment, and ultimately terminated because of her sex-female, race/nationality origin- African American, and in that plaintiff was retaliated against because she complained about the discrimination and harassment to which she was subjected. Defendants' discharge of plaintiff and the manner in which they accomplished it was also outrageous in that defendants at all times, intended to discriminate against, harass, retaliate against, and discharge plaintiff, leaving plaintiff without her employment and without the income, sense of self-worth, and security which she derived from her employment, and which defendants knew that she derived from her employment.

55. This conduct by defendants was intended to cause plaintiff emotional distress or was done with reckless disregard of the probability of causing plaintiff emotional distress or was done with reckless disregard of the probability of causing plaintiff emotional distress.

56. Plaintiff suffered severe emotional distress as a legal result of defendants' outrageous conduct. Plaintiff suffered severe mental distress, suffering and anguish as a legal result of defendants' outrageous conduct, reacting to her discharge with humiliation, embarrassment, anger, disappointment and worry, all of which is substantial and enduring.

## EIGHTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

57. As a eighth, separate and distinct cause of action, plaintiff complains against defendants Geo, and DOES 1-100 and each of them and for a cause alleges:

58. Plaintiff hereby incorporates by reference paragraph 1 through 56, inclusive, as through set forth here in full.

59. That Defendant Geo's negligence was a substantial factor in causing Plaintiff's serious emotional distress.

## DAMAGES

60. As a legal result of the conduct by defendants of which plaintiff complains, plaintiff suffered substantial losses in earning and other employee benefits. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

61. At the time plaintiff entered into the employment agreement and continuing thereafter, all parties to the agreement contemplated and it was reasonably foreseeable that breach of the agreement would cause plaintiff to suffer emotional distress. At all times, it was likely in the ordinary course of things that breach of the employment agreement would cause plaintiff to suffer emotional distress. The terms of the employment agreement related to matters which directly concerned plaintiff's comfort, happiness and personal welfare, and defendants were aware of this at the time they entered into the agreement and continuing thereafter. The subject matter of the employment agreement was such as to directly affect plaintiff's self esteem and emotional well being, and defendants were aware of at the time they entered into agreement and continuing thereafter.

62. Plaintiff suffered emotional distress as a legal result of the conduct by defendants of which plaintiff complains. Plaintiff suffered mental distress, suffering and anguish as a legal result of defendants' outrageous conduct, reacting to her discharge with humiliation, embarrassment, anger, disappointment, and worry, all of which is substantial and enduring. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

63. At all material times, defendants, and each of them, knew that plaintiff depended on her wages and other employee benefits as a source of earned income. At all material times, defendants were in a position of power over plaintiff, with the potential to abuse that power. Plaintiff was in a vulnerable position because of her relative lack of power, because of her reliance on defendants' assurances and forbearance of the possibility of becoming employed elsewhere, because she had placed her trust in defendants, because she depended on her employment for her self esteem and sense of belonging, because she relied upon her employment as a source of income for her support, because a wrongful termination to plaintiff's employment would likely harm plaintiff's ability to find other employment, and because of the great disparity in bargaining power between plaintiff and her employer. Defendants were aware of plaintiff's vulnerability and the reasons for it.

64. Notwithstanding such knowledge, defendants, and each of them, acted oppressively, fraudulently, and maliciously, in willful and conscious disregard of plaintiff's rights, and with the intention of causing or in reckless disregard of probability of causing injury and emotional distress to the plaintiff.

65. Further, defendants were informed of the oppressive, fraudulent and malicious conduct of their employees, agents and subordinates, and ratified, approved and authorized that conduct.

66. the foregoing conduct of defendants, and each of them, was intentional, willful and malicious and plaintiff is entitled to punitive damages in an amount to conform to proof.

67. Plaintiff also is entitled to attorney's fees and costs pursuant to California Labor Code §218.5.

## INJUNCTIVE RELIEF

68. Plaintiff has suffered irreparable injury and immediate harm due to defendants' acts. Plaintiff has no other legal remedy. In addition to the other relief request in this Complaint, plaintiff seeks injunctive relief to insure that defendants do not discriminate against, harass, and/or retaliate against other employees because of their sex, race/national origin, or complaining about discriminatory, harassing and/or retaliatory conduct.

## PRAYER FOR RELIEF

**WHEREFORE, plaintiff respectfully prays:**

1. For a money judgment representing compensatory damages including lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

2. For a money judgment for mental pain and anguish and emotional distress, according to proof;

3. For an award of punitive damages, according to proof;

4. For costs of suit and attorney fees;

5. For prejudgment and postjudgment interest;

6. For injunctive relief;

7. For any other relief that is just and proper;

8. For attorney fees pursuant to CCP section 1021.5 and Government Code section 12965(b).

### REQUEST FOR JURY TRIAL

Plaintiff collectively and individually requests a trial by jury.

Dated: October 26, 2017

ZULU ALI, ESQ. (SBN 252998)
LAW OFFICES OF ZULU ALI
2900 Adams Street Suite C13
Riverside, CA 92504
Tel. No.: (951) 782-8722
Fax. No.: (951) 346-9101

*Attorney for the Plaintiff*



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency  GOVERNOR EDMUND G. BROWN, JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | Videophone 916-226-5285 | TTY 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

David Jennings
Field Office Director
Geo Adelanto Processing Center
10400 Rancho Road
Adelanto, CA 92301

EEOC Number    480-2016-02885C
Case Name      Jasmine Hayes
Filing Date    October 28, 2016

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being dual filed with the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint and the DFEH will not be conducting an investigation into this matter. Please contact EEOC directly for any discussion of the complaint or the investigation.

## NOTICE TO COMPLAINANT OF RIGHT TO SUE

This letter is also your Right to Sue notice. **This Right to Sue Notice allows you to file a private lawsuit in State court.** According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed.

Be advised, the DFEH does not retain case records beyond three years after a complaint is filed.

**EXHIBIT A**

## VERIFICATION

**PLAINTIFF, JASMINE HAYES**

I, the undersigned, verify:

    I am a party to this action. I have read the above document and know its contents. The matters stated in it are true of my own knowledge except as to those matters which are stated on the information and belief, and as to those matters, I believe them to be true.

    I declare under penalty of perjury pursuant to the laws of the state of California that the foregoing is true and correct.

Executed on _____October 26_____, 2017 at Riverside, California.


_____/s/ Jasmine Hayes_____
JASMINE HAYES

**VERIFICATION**