# EXHIBIT B

COPY

CRAIG G. STAUB, Bar No. 172857
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
Telephone: 213.443.4300
Fax No.: 213.443.4299

MICHAEL L. KIBBE, Bar No. 302137
LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
Telephone: 949.705.3000
Fax No.: 949.724.1201

Attorneys for Defendant
THE GEO GROUP, INC.

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 1 4 2018

BY _____
ANNE PERRY, DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN BERNARDINO

| | |
|---|---|
| JASMINE HAYES,<br><br>        Plaintiff,<br><br>   v.<br><br>THE GEO GROUP INC., AND DOES 1 TO 100,<br><br>        Defendants. | Case No. CIVDS 1721075<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE BRYAN F. SOTER, DEP S22<br><br>DEFENDANT GEO GROUP, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT<br><br>Complaint Filed: October 27, 2017<br>Trial Date: N/A |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant The Geo Group, Inc. ("Defendant") by and through its attorneys, hereby answers the unverified Complaint ("Complaint") of Plaintiff Jasmine Hayes ("Plaintiff") in the above captioned case, as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies generally and specifically each and every allegation contained in the Complaint. In addition, Defendant denies that Plaintiff has sustained, or will sustain any loss or damage in the manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof on the part of Defendant.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses. In so doing, Defendant does not concede that Defendant has the burden of production or proof as to any affirmative defense asserted below. Further, Defendant does not presently know all the facts concerning the conduct of Plaintiff in order to be able to state all affirmative defenses at this time. Accordingly, Defendant will seek leave of this Court to amend this Answer should Defendant later discover facts demonstrating the existence of additional affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.  As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein fail to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver)

2.  As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff's Complaint and some or all of the causes of action set forth therein are barred, in whole or in part, by the equitable doctrine of waiver.

///

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

1.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

3. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff's Complaint and some or all of the causes of action set forth therein are barred, in whole or in part, by the equitable doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Consent)

4. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff's Complaint and some or all of the causes of action set forth therein are barred, in whole or in part, by the equitable doctrine of consent.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

5. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff's Complaint and some or all of the causes of action set forth therein are barred, in whole or in part, by the equitable doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff's Complaint and some or all of the causes of action set forth therein are barred, in whole or in part, by the equitable doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

7. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

2.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

each cause of action set forth therein are barred, in whole or in part, by the applicable statutes of limitation including, without limitation, those set forth in California Government Code Sections 12960(d) and 12965(b), California Code of Civil Procedure Sections 335.1 and/or 343 and/or any other applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

**(Failure to Exhaust Administrative Remedies)**

8. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred, in whole or in part, to the extent Plaintiff failed to exhaust his administrative remedies with the California Department of Fair Employment and Housing ("DFEH") and/or the Equal Employment Opportunity Commission ("EEOC").

### NINTH AFFIRMATIVE DEFENSE

**(Claims Exceed Scope of Administrative Charges)**

9. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred, in whole or in part, to the extent that Plaintiff did attempt to exhaust his administrative remedies with the DFEH and/or the EEOC, the causes of action asserted in the Complaint exceed the scope of any potential Charges filed with the DFEH and/or the EEOC.

### TENTH AFFIRMATIVE DEFENSE

**(Legitimate Business Reasons and in Good Faith)**

10. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, without admitting that Defendant engaged in any of the acts or omissions alleged in Plaintiff's Complaint, that the Complaint and each cause of action set forth therein are barred, in whole or in part, because any such acts or omissions were undertaken for legitimate and/or lawful business reasons and in good faith, at all times, based upon all relevant facts and circumstances known by Defendant at the time it acted.

///

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213 443 4300

3.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

## ELEVENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

11. As a separate and distinct affirmative defense, Defendant alleges that all or portions of Plaintiff's claims are barred by the doctrine of avoidable consequences because Defendant took reasonable steps to comply with the law, but Plaintiff unreasonably failed to follow his employer's policies and practices and failed to use the preventative and corrective opportunities provided to him, and the reasonable adherence to or use of such procedures would have prevented at least some, if not all, of the harm Plaintiff allegedly suffered.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Internal Remedies)

12. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred, in whole or in part, by Plaintiff's failure to exhaust appropriate internal remedies, as required by Defendant's employment policies.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Offset)

13. As a separate and distinct affirmative defense, Defendant alleges that any recovery by Plaintiff must be offset, denied, or reduced by any compensation that Plaintiff has received from any other source.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Same Decisions Regardless of Alleged Discriminatory Motive)

14. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that to the extent the evidence shows that Defendant's conduct was actually motivated by both non-discriminatory reasons and discriminatory reasons (the latter, which Defendant denies), Defendant's legitimate reasons, standing alone, would have induced it to make the same decisions or engage in the same

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

4.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Breach of Duties)

15. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred by his own breach of duties owed to Defendant, including but not limited to those under California Labor Code sections 2853, 2854, 2856, 2857 and 2859.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Conduct by Others)

16. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint cannot be maintained against Defendant because any alleged losses or harms sustained by Plaintiff, if any, which Defendant denies, resulted from causes other than any act or omission, if any, by Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Business Necessity)

17. As a separate and distinct affirmative defense, Defendant alleges, without admitting that Defendant engaged in any of the acts or omissions alleged in the Complaint, that any such acts or omissions were undertaken for business necessity and/or for lawful business reasons.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (At-Will Employee)

18. As a separate and distinct affirmative defense to the Complaint and each purported cause of action therein, Defendant alleges that they are barred, in whole or in part, because Plaintiff was an at-will employee with no entitlement to continued employment pursuant to Section 2922 of the California Labor Code.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Outside Course and Scope)

19. As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action set forth therein, cannot be maintained against it because, to the extent that any of its employees engaged in unlawful conduct towards Plaintiff, which Defendant denies, such

5.

actions were committed outside the course and scope of such employees' employment, were not authorized, adopted or ratified by Defendant and it did not know of nor should have known of such alleged conduct.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Bad Faith and/or Frivolous Claims)

20. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are unreasonable, were filed in bad faith, and/or are frivolous and, for such reasons, justify an award of attorneys' fees and costs against Plaintiff and/or his attorneys pursuant to California law including, but not limited to, California Code of Civil Procedure section 128.7, and/or Government Code section 12965(b).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

21. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that, to the extent Defendant acquires any evidence of wrongdoing by Plaintiff during the course of this litigation that would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff being demoted, disciplined, and/or terminated, such after-acquired evidence shall bar Plaintiff's claims on liability or damages and shall reduce such claims as provided by law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Workers' Compensation Exclusivity and Preemption)

22. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein seeking damages for emotional and/or physical injury are barred, in whole or in part, by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code sections 3600 *et seq.*, in that: (1) the injuries complained of occurred when Plaintiff and Defendant were subject to California Labor Code sections 3600 *et seq.*; (2) at the time of the alleged injuries, Plaintiff was performing services incidental to his employment and was acting within the course and scope of his employment; and (3) Plaintiff alleges

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

6.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

that the injuries were caused by his employment, and accordingly, no subject matter jurisdiction over said claims exists in this forum.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (No Intent)

23. As a separate and distinct affirmative defense, Defendant alleges that if Plaintiff suffered any emotional distress (and Defendant denies that Plaintiff suffered any such distress), it was not the intent of Defendant, or any person acting on Defendant's behalf, to inflict such emotional distress on Plaintiff.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (Alleged Emotional Distress Caused by Outside Factors)

24. As a separate and distinct affirmative defense, Defendant alleges that if Plaintiff has suffered any emotional distress as alleged in his Complaint, such emotional distress was proximately caused by factors other than the actions of Defendant and/or anyone acting on Defendant's behalf.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (Contributory and/or Comparative Negligence)

25. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff failed to exercise reasonable and ordinary care, caution and/or prudence and the alleged injuries and damages, if any were suffered, were proximately caused and/or contributed to by Plaintiff's own negligent and/or intentional conduct and any recovery to which Plaintiff might be entitled must be reduced by reason of Plaintiff's contributory and/or comparative negligence.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

26. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff is barred from obtaining any recovery against Defendant by reason of his failure to mitigate his alleged damages, if any, or, alternatively, any damages or other relief awarded to Plaintiff must be reduced or limited to the extent of such failure to mitigate.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213 443 4300

7.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Barred)

27. As a separate and affirmative defense, Defendant alleges that Defendant's good faith efforts to prevent discrimination, retaliation, and any other unlawful acts bars any award for punitive damages or exemplary damages as set forth in *Kolstad v. Am. Dental Assn.*, 527 U.S. 526 (1999).

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim Upon Which Punitive Damages Can Be Awarded)

28. Plaintiff's Complaint, and each purported cause of action alleged against Defendant therein, fails to state a claim upon which an award of punitive and exemplary damages can be granted.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

29. As a separate and distinct affirmative defense, Defendant alleges that the Complaint does not describe the claims or facts being alleged with sufficient particularity to permit Defendant to ascertain what other defenses may exist. Defendant will rely on any and all further defenses that become available or appear during discovery in this action and specifically reserve the right to amend this Answer for purposes of asserting such additional defenses.

### PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays:

1. That Plaintiff take nothing by his action against Defendant and that Plaintiff's Complaint be dismissed in its entirety with prejudice;

2. That Judgment be entered in Defendant's favor and against Plaintiff;

3. That Defendant be awarded its attorneys' and expert fees and costs of suit herein (to the extent permitted by applicable law); and

///

///

///

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

8.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

4. That Defendant be awarded such other and further relief as the Court deems just and proper.

Dated: March 14, 2018

_[signature]_

CRAIG G. STAUB
MICHAEL KIBBE
LITTLER MENDELSON, P.C.
Attorneys for Defendant
THE GEO GROUP, INC.

Firmwide:152339064.1 059218.1332

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

9.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is 2050 Main Street, Suite 900, Irvine, CA 92614.

On March 14, 2018, I served the within documents described as:

**DEFENDANT GEO GROUP, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

as follows:

[X] **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and *(specify one)*:

- [ ] deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

- [X] placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at: **Irvine, California**.

[ ] **BY OVERNIGHT DELIVERY**: I am readily familiar with the practice of Littler Mendelson for the collection and processing of correspondence for overnight delivery. I caused a true copy of the above named document to be enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth above.

[ ] **BY PERSONAL SERVICE** by messenger service. I caused said documents to be served by having a professional messenger service, COUNTY LEGAL ATTORNEY SERVICE, personally deliver them to the persons at the addresses listed below. (A confirmation document by the professional messenger service will be retained in our office.)

[ ] **BY FACSIMILE**: I caused said document(s) to be transmitted to a facsimile machine maintained by the office of the addressee(s) at the facsimile machine number(s) indicated. Said facsimile number(s) are the most recent numbers appearing on documents filed and served by the addressee(s). I received electronic confirmation from the facsimile machine that said document was successfully transmitted without error. A copy of said electronic confirmation is maintained in this office.

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

1.

☐  **BY ELECTRONIC MAIL WHERE INDICATED:** Pursuant to C.R.C. 2060, I served the foregoing document described by emailing to it each of the aforementioned electronic mail addresses and the transmission was reported as complete and without error. My email address is pchoi@littler.com.

☐  **BY ELECTRONIC MAIL –ONE LEGAL, L.L.C.** by submitting an electronic version of the document(s) to One Legal, LLC, through the user interface at www.onelegal.com. .Based on California Rules of Court Rule 2.251(Rev 1/2012). The electronic notification address of the person(s) making the service is pchoi@littler.com

on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

Zulu Ali, Esq.
LAW OFFICE OF ZULU ALI
2900 Adams Street, Suite C13
Riverside, CA  92504
Telephone: 951.782.8722
Facsimile:  951.346.9101
E-Mail:  zulualilaw@gmail.com

*Attorneys for Jasmine Hayes*

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on March 14, 2018, at Irvine, California.

                                         _____
                                                Patrick Choi

Firmwide:153420427.1 059218.1332

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000