CRAIG G. STAUB, Bar No. 172857
cstaub@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
Telephone:  213.443.4300
Facsimile:   213.443.4299

MICHAEL L. KIBBE, Bar No. 302137
mkibbe@littler.com
LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA  92614
Telephone:  949.705.3000
Fax No.:    949.724.1201

Attorneys for Defendant
THE GEO GROUP, INC.

ZULU ALI, Bar No. 252998
zulualilaw@gmail.com
LAW OFFICE OF ZULU ALI
2900 Adams Street, Suite C13
Riverside, CA  92504
Telephone: 951.782.8722
Facsimile: 951.346.9101

Attorneys for Plaintiff
JASMINE HAYES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE HAYES,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC., AND DOES 1 TO 100,<br><br>　　　　　Defendants. | Case No. 5:18−cv−524 DOC (SPx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference:<br><br>Date:  June 11, 2018<br>Time:  8:30 a.m.<br>Ctrm:  Room 9D |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure (references to which are hereafter referred to as "Rule") and Local Rule 26-1, a telephonic meeting was held on May 9, 2018, at 2:00 p.m. and attended by Aaron Kurtzer of the Law Office of Zulu Ali counsel for Plaintiff Jasmine Hayes ("Plaintiff"), together with Michael L. Kibbe of Littler Mendelson, P.C., counsel for Defendant The Geo Group, Inc. ("Defendant" or "GEO").

### A.     Nature and Basis of Plaintiff's Claim.

Rule 26(f)(2) requires the Parties to consider the nature and basis of Plaintiff's claims, which is summarized below:

This lawsuit arises out of Plaintiff's employment with Defendant. GEO operates an immigration detention facility in Adelanto, California wherein the U.S. Immigration and Customs Enforcement Agency ("ICE") houses detainees being processed for deportation out of the country. Plaintiff was hired as a detention officer at the Adelanto Detention Center (hereafter the "Facility") on or about February 17, 2015.

On or about December 17, 2015, GEO placed Plaintiff on administrative leave without pay to investigate allegations of misconduct, including allegations that (1) Plaintiff was having a romantic relationship with two detainees at the Facility; (2) Plaintiff was delivering messages from these two detainees to other detainees within the Facility; and (3) Plaintiff brought drugs and a cell phone into the Facility for detainees. While Plaintiff claims that these allegations were never supported by any hard evidence, documents or witnesses other than her supervisor's "observation," they were investigated by GEO's Office of Professional Responsibility ("OPR"), which investigates all employee and detainee misconduct claims for GEO. GEO also informed ICE of its investigation. Plaintiff vehemently denied each of these allegations. On or about December 18, 2015, ICE temporarily suspended Plaintiff's security clearance pending the outcome of OPR's investigation.

On April 21, 2016, after OPR's investigations were concluded, GEO provided

1  Plaintiff with notice explaining that the contraband allegation was not sustained by
2  OPR, but that the claim for unprofessional conduct with detainees was sustained.
3  Based on the finding of unprofessional conduct, GEO issued Plaintiff a final
4  reprimand on April 21, 2016.  Shortly thereafter, GEO placed Plaintiff on
5  administrative leave without pay pending ICE's decision on whether or not to reinstate
6  Plaintiff's security clearance.  On April 26, 2016, GEO learned that ICE would not be
7  reinstating Plaintiff's security clearance, which meant that she could no longer be
8  employed as a detention officer at the Facility.  While GEO offered Plaintiff other
9  opportunities within its organization, she refused each offer, and on or about May 13,
10 2016, Plaintiff was terminated for failing to maintain her security clearance.  Plaintiff
11 alleges that the manner in which Plaintiff was terminated differed from similarly
12 situated employees who had received the same or similar complaints differed from
13 other employees who were not Africa American females.

14 Plaintiff also claims that prior to this disciplinary investigation and termination,
15 Plaintiff had made administrative complaints regarding her treatment and was
16 subjected to disciplinary investigation as a result of her administrative complaints

17 On October 27, 2017, Plaintiff filed a verified Complaint in the Superior Court
18 of California for the County of San Bernardino entitled *Jasmine Hayes v. The GEO*
19 *Group, Inc., and Does 1 to 100* (Case No. CIVDS1721075) asserting six causes of
20 action for: (1) sex discrimination (2) wrongful discharge; (3) race/national origin
21 discrimination; (4) retaliation; (5) intentional infliction of emotional distress; and (6)
22 negligent infliction of emotional distress (the "Complaint").

23 **B.   Defenses.**
24 Rule 26(f)(2) requires the Parties to consider the defenses.  As set forth in
25 Defendant's Answer, Defendant maintains that the case is without merit for a variety
26 of reasons.  Specifically, in order to maintain employment at the Facility, Plaintiff was
27 required to maintain her security clearance.  When ICE revoked her security
28 clearance, Plaintiff could no longer remain employed at the Facility.  ICE is an

independent federal agency and Defendant is not involved with decisions regarding security clearance. Defendant believes that all affirmative defenses in its Answer may well become applicable depending on the case presented by Plaintiff.

### C. Subject Matter Jurisdiction.

The Parties agree this Court has original jurisdiction over this action under the diversity of citizenship statute. 28 U.S.C. § 1332(a). Removal was timely made on March 15, 2018, and proper in accordance with 28 U.S.C.A. § 1441.

### D. Additional Parties.

Local Rule 26-1(e) requires the Parties to consider likelihood of appearance of additional parties. The Parties do not anticipate the appearance of additional parties at this point.

### E. Legal Issues.

#### 1. Plaintiff's Principal Issues:

Whether GEO discriminated against Plaintiff because of her sex, race or national origin;

Whether GEO retaliated against Plaintiff for opposing unlawful employment practices;

Whether GEO wrongfully terminated Plaintiff in violation of California public policy; and

Whether GEO intentionally or negligently inflicted emotional distress upon Plaintiff.

#### 2. Defendant's Principal Issues:

Whether GEO's actions related to the Complaint were taken for legitimate, nondiscriminatory business reasons;

Whether GEO could consider the loss of Plaintiff's security clearance as a bona fide occupational qualification;

Whether Plaintiff was damaged or an award of damages would be appropriate; and

Whether Plaintiff has properly mitigated her alleged damages;

As discovery has not yet commenced, the Parties reserve the right to supplement and/or amend their respective lists of principal issues.

### F. Complex Case Manual.

Local Rule 26-1(a) requires the parties to discuss the complexity of the case, and whether all or part of the procedures of the Manual For Complex Litigation (current edition) should be utilized. The Parties do not believe that the Complex Litigation Manual is necessary.

### G. Trial Counsel.

Zuli Ali will be the lead counsel for Plaintiff.

Craig Staub and Michael Kibbe will be the lead counsel for Defendant.

### H. Possibilities For Promptly Settling Or Resolving The Case.

Rule 26(f)(2) and Local Rule 26-1(c) require the Parties to consider "[t]he likelihood of settlement, whether settlement discussions have taken place or are scheduled, and which mandatory settlement procedure should be utilized under L.R. 16-15." The Parties have not discussed settlement through their respective counsels of record at the Rule 26(f) meeting of counsel. Both parties are willing to appear before a mediator selected from the Court's Mediation Panel.

### I. Issues About Preserving Information.

Rule 26(f)(2) requires the Parties to consider issues about preserving information. The Parties foresees no such issues.

### J. Discovery Plan Setting Forth Discovery Phases, the Order of Discovery, and Any Limitations on Discovery.

Rule 26(f)(2) requires the Parties to consider a proposed discovery plan.

#### 1. Rule 26(f)(3)(B): Subjects, Completion Date, and Phasing Of Discovery

Plaintiff will conduct written discovery regarding the issues framed by the pleadings. Plaintiff anticipates taking deposition(s) of the individual(s) who made the decision to terminate her employment and the individual(s) who participated in the

OPR investigation.

Defendants will conduct written discovery regarding all issues framed by the pleadings, including Plaintiff's alleged damages, and its possible defenses, and anticipates conducting depositions of Plaintiff and any identified third party witnesses.

The Parties do not believe discovery needs to be conducted in phases, with the exception of fact and expert discovery.

### 2. Rule 26(f)(3): Electronic Discovery

The Parties and their counsel have made their best efforts to comply with the evidence preservation requirements of the Federal Rules of Civil Procedure and the Rules of this Court. At this time, the Parties do not expect discovery of relevant and reasonably tailored electronically stored information ("ESI") to be a complicated or contentious issue in this litigation.

### 3. Rule 26(f)(3)(D): Claims of Privilege

To the extent this matter relates to Plaintiff's medical treatment and records, the Parties agree to maintain the confidentiality of the same. The Parties may also submit a stipulated proposed protective order to the Court for approval regarding confidential treatment of information.

### 4. Rule 26(f)(3)(E): Changes to Limitations of Discovery

The Parties agree to the discovery limits set forth in the Federal Rules of Civil Procedure. To the extent that discovery may approach the limits set forth in the Federal Rules of Civil Procedure, the Parties will meet and confer in good faith on the suitability of additional interrogatories or depositions by either party.

### 5. Rule 26(a)(1)(C): Initial Disclosures

The Parties have agreed to exchange their initial disclosures on June 25, 2018.

### K. Expert Discovery.

The expert disclosures shall be exchanged pursuant to Federal Rule of Civil Procedure 26(a)(2).

**L.     Dispositive Motion.**

Local Rule 26-1(b) requires the Parties to discuss the dispositive or partially dispositive motions which are likely to be made. Defendant believes that some if not all of the issues or claims raised by Plaintiff may be determined by a motion for summary judgment or partial summary judgment. Pursuant to Local Rule 6, the Parties propose that any such motion should be filed by March 8, 2019.

**M.     Trial Estimate.**

Local Rule 26-1(d) requires the Parties to consider a preliminary estimate of the time required for trial. Plaintiff has demanded trial by jury and estimated that trial will take 6 to 8 days.

**N.     Timetable.**

Pursuant to the Court's Order Setting Scheduling Conference, the Parties' Four Proposed Dates are as follows:

- **Fact Discovery Cut-Off:**         Friday, March 8, 2019
- **Final Motion Cut-Off:**            Monday, April 8, 2019
- **Final Pretrial Conference:**      Monday, May 6, 2019
- **Trial Date:**                                Tuesday, June 4, 2019

The Parties also discussed a more comprehensive schedule based upon the proposed trial date and the Court's chamber rules, which is laid out below.

| MATTER | Weeks Before Trial | PL'S REQUEST | DF'S REQUEST | COURT ORDER |
|---|---|---|---|---|
| Trial (jury) (court): Estimated length: 6-8 days | | 6/4/2019 | 6/4/2019 | |
| Final Pre-Trial Conference Hearing on Motions in | 4 | 5/9/2019 | 5/6/2019 | |

| | | | | |
|---|---|---|---|---|
| Limine | | | | |
| For Jury Trial<br><br>• File Memo of Contentions of Fact and Law;<br>• Exhibit & Witness Lists;<br>• File Status Report re Settlement;<br>• File Motions *In Limine* | 6 | 4/25/2019 | 4/25/2019 | |
| For Jury Trial<br>• Lodge Pre-Trial Conference Order<br>• Filed Agreed Set of Jury Instructions and Verdict Forms<br>• File Statement Regarding Disputed Instructions, | 5 | 4/29/2019 | 4/29/2019 | |

LITTLER MENDELSON, P.C.
2050 MAIN STREET
SUITE 900
IRVINE, CA 92614
949.705.3000

|  |  |  |  |  |
|---|---|---|---|---|
| Verdicts, etc.<br>• File Oppositions to Motions *In Limine* |  |  |  |  |
| Last Day to Hear Motions | 8 | 4/5/2019 | 4/5/2019 |  |
| Last Date to Conduct Settlement Conference | 9 | 3/28/2019 | 3/28/2019 |  |
| Fact Discovery Cut-Off | 12 | 3/8/2019 | 3/8/2019 |  |
| Expert Discovery Cut-Off | 12 | 3/8/2019 | 3/8/2019 |  |

**O. Any Miscellaneous Orders Needed or Unusual Issues Foreseen.**

Rule 26(f)(3) requires the Parties address any miscellaneous orders to be addressed by the Court. Plaintiff anticipates seeking discovery from ICE and possibly the Department of Homeland Security regarding the internal security clearance review process it undertook when determining to revoke Plaintiff's security clearance. At this time, it is unclear whether this type of discovery is classified and whether or not any judicial intervention will be necessary to determine (1) whether the information sought from ICE is discoverable, and (2) whether any protective orders need to be entered to ensure ICE's information remains protected.

Dated: May 25, 2018

        /s/Zulu Ali
        ZULU ALI
        LAW OFFICE OF ZULU ALI
        Attorneys for Plaintiff
        JASMINE HAYES

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: May 25, 2018

        /s/Michael Kibbe
        CRAIG G. STAUB
        MICHAEL L. KIBBE
        LITTLER MENDELSON, P.C.
        Attorneys for Defendant
        THE GEO GROUP, INC.

Firmwide:154640459.3 059218.1332

LITTLER MENDELSON, P.C.
2050 MAIN STREET
SUITE 900
IRVINE, CA 92614
949.705.3000

10.